IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charles Ladell Dawson | ) | No. CV-09-468-PHX-DGC (LOA) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (docket # 1) Respondents filed an Answer (docket # 15) to which Petitioner has replied. (docket # 16) Based on review of the record, the Petition should be denied for the reasons set forth below.

**I. Factual and Procedural Background**

  **A. Charges, Trial and Sentencing**

On April 28, 2006, Petitioner was indicted in the Arizona Superior Court, Maricopa County, on one count of aggravated assault, a class 3 felony. (Respondents' Exh. A) The State subsequently filed an allegation of aggravating circumstances, other than prior convictions, alleging that: (1) the offense involved the infliction or threatened infliction of serious physical injury; and (2) the offense caused physical, emotional or financial harm to the victim. (Respondents' Exh. B) The State also filed an allegation of historical felony conviction based on Petitioner's 1988 conviction for second degree murder, and an allegation that the crime in the instant matter was a dangerous felony offense. (Respondents' Exhs. C, D)

On June 29, 2006, counsel for Petitioner requested a "prescreen evaluation" pursuant to Arizona Rule of Criminal Procedure 11, based on Petitioner's history of mental illness, his status as a Value Options patient, and the fact that he had been prescribed psychiatric medication. (Respondents' Exh. E)  At an August 9, 2006 status conference, the court[1] noted that it had received the psychological pre-evaluation indicating that no further evaluation of Petitioner was warranted, and set the matter for trial.  (Respondents' Exh. F)

Thereafter, on November 20, 2006, Petitioner entered into a written plea agreement with the State, pleading guilty to aggravated assault as a class 3 felony, non-dangerous, non-repetitive offense.  (Respondents' Exhs. F, G) The plea agreement provided that "the crime carries a presumptive sentence of 3.5 years, a minimum sentence of 2.5 years (2.0 years if the trial court makes exceptional circumstances finding); and a maximum sentence of 7.0 years (8.5 years if the trial court makes exceptional circumstances finding)." (Respondents' Exh. G) The plea did not include any agreements regarding the sentence to be imposed within the applicable sentencing range.  (Respondents' Exh. G)  Pursuant to the plea, Petitioner "consent[ed] to judicial factfinding by preponderance of the evidence as to any aspect or enhancement of sentence. . . ." (Respondents' Exh. G at 2)  Petitioner also waived his right "to a trial by jury to determine any fact used to impose a sentence within the range stated" in the plea agreement. (Respondents' Exh. G at 3)

The court[2] accepted Petitioner's plea.  (docket # 8-1 at 10-28)  On January 9, 2007, Petitioner was sentenced to an "exceptionally aggravated" term of 8.75 years imprisonment, with credit for 322 days of presentence incarceration.  (Respondents' Exh. H)  Regarding Petitioner's sentence, the court stated:

> No legal cause appearing, I have considered all the circumstances presented including the mitigating circumstances alluded to by [defense counsel] and by the ladies who spoke this morning.
>
> I have considered [Petitioner's] mental health issue, specifically his

---

[1] Commissioner Julie P. Newell presided.

[2] The Honorable James H. Keppel presided.

difficulty with schizophrenia.

I've also considered on the other side of the coin the aggravating circumstances mainly that the victim in this case was unable to defend himself due to prior physical impairment.

[Petitioner] has a prior conviction for a dangerous offense, mainly a homicide. I've considered the serious physical injuries suffered by the victim in this case as listed in the presentence report, and the emotional harm suffered by the victim.

Based on all these circumstances, I find the aggravating circumstances substantially outweigh the mitigating circumstances sufficiently to call for an aggravated sentence in the Department of Corrections.

Accordingly, it is ordered that [Petitioner] be imprisoned in the Arizona Department of Corrections for the super-aggravated term of 8.75 years to date from today's date.

(docket # 8-1 at 50-51, Tr. 1/9/07 at 19-20)

## B. Post-Conviction (Rule 32 of-right[3]) Proceedings

On February 7, 2007, Petitioner filed a notice of post-conviction relief pursuant to Ariz.R.Crim.P. 32. (docket # 1 at 4; docket # 8-2 at 2-5) On March 26, 2007, the court appointed counsel to represent Petitioner. (Respondents' Exh. I) On June 5, 2007, counsel filed a Notice of Completion of Post-Conviction Review, advising the court that he could find no claims to raise on post-conviction review, and requesting additional time for Petitioner to file a *pro per* petition. (Respondents' Exh. J) The court granted Petitioner additional time to file his petition. (docket # 8-2 at 68)

On July 13, 2007, Petitioner filed a *pro per* petition raising the following claims:

1. *Apprendi* and *Blakely* apply to Petitioner's case.

2. The trial court's failure to have a jury determine the aggravating factors beyond a reasonable doubt, constituted fundamental error, and deprived Petitioner of his Fifth and Sixth Amendment rights.

3. [Petitioner's] claims are colorable because they fall within the scope of Rule 32.1, Arizona Rules of Criminal Procedure, as constitutional error affecting Petitioner's conviction or sentence.

---

[3] Because Petitioner pled guilty, he waived his right to a direct appeal, but was entitled to bring an "of-right" post-conviction proceeding under Arizona Rule of Criminal Procedure 32.1.

> 4. Trial counsel, change-of-plea counsel, and post-conviction counsel were ineffective for failing to raise the *Apprendi* and *Blakely* issues in violation of the Sixth Amendment.

(docket # 8-2 at 6-23)   The State filed a response, to which Petitioner replied.  (docket # 8-2 at 24-30, 44-51)   On October 29, 2007, the trial court dismissed the petition, finding that Petitioner had failed to raise a colorable claim for relief.  (docket # 8-2 at 31)   Petitioner filed a motion for rehearing on the ground that the trial court mistakenly found that Petitioner had not filed a reply.  (docket # 8-2 at 31, 33)

On November 28, 2007, the trial court issued a minute entry stating that it had received and considered Petitioner's motion for rehearing regarding its October 29, 2007 minute entry.  The court noted that it had incorrectly indicated that it had not received a reply from Petitioner, and stated that: "The Court has reviewed the file and notes that a Reply was received before the Court entered its minute entry. The Court has further considered [Petitioner's] Reply and finds that [Petitioner] has still failed to show a colorable claim for Post-Conviction Relief." (docket # 8-2 at 52)  The court affirmed its previous ruling and dismissed the petition for post-conviction relief.  (*Id.*)

On or about February 14, 2008, Petitioner filed a Petition for review in the Arizona Court of Appeals, raising the following claims:

> 1. The trial court erred by enhancing Petitioner's sentence from 3.5 years to a super-aggravated prison term of 8.75 years without a jury finding of guilty beyond a reasonable doubt in violation of Petitioner's Fifth, Sixth, Eighth, and Fourteenth Amendment rights.
>
> 2. Trial counsel and post-conviction counsel were ineffective in violation of Petitioner's Sixth Amendment rights.
>
> 3. The trial court erred by finding that Petitioner did not present a colorable claim for post-conviction relief.

(docket # 8-2 at 54-65)  On December 9, 2008, the appellate court summarily denied review. (docket # 8-2 at 89)

**C. Petition for Writ of Habeas Corpus**

On March 6, 2009, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and a supporting Brief.  (dockets # 1, # 8)  The Petition contains

three grounds for relief, and refers to the Brief in Support of Petition for Writ of Habeas Corpus for supporting facts and argument. (docket # 8) Petitioner's supporting brief, however, is not divided into Grounds One, Two, and Three. Rather, it is a rambling discussion of Petitioner's claims which, although it includes some headings, does not precisely correspond with the Petition. The Court will separate Petitioner's claims in accordance with his Petition which identifies his claims as follows: (1) ineffective assistance of trial counsel; (2) the trial judge breached the plea agreement and abused his discretion in imposing a super-aggravated sentence; and (3) ineffective assistance of appellate counsel. (docket # 1) Respondents concede that the Petition is timely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), thus, the Court will not address this issue further. 28 U.S.C. § 2254(d)(1); (docket # 15 at 6-7) Respondents argue that several of Petitioner's claims raised in Ground One[4] are procedurally defaulted and barred from habeas corpus review. Respondents concede that Petitioner's remaining claims are properly exhausted state remedies, but argue that those claims lack merit. Petitioner disputes these assertions.

## II. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for a writ of habeas corpus, the prisoner must have exhausted available state-court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claims by "fairly presenting" them to the state courts in a procedurally appropriate manner. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim.").

---

[4] Although Respondents state that Petitioner's claims raised in Ground One are procedurally defaulted, it is clear that Respondents also refer to several claims which Petitioner grouped both with Grounds One and Two. (docket # 1, # 8, # 15) The manner in which Petitioner presented his claims resulted in the confusion.

- 5 -

Contrary to Respondents' assertion, in Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either on direct appeal or in a petition for post-conviction relief. *See Crowell v. Knowles,* 483 F.Supp.2d 925 (D.Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)); *Swoopes*, 196 F.3d at 1010 (stating that "Arizona has declared that its complete round [of appellate review] does not include discretionary review before the Arizona Supreme Court.")

To fairly present a claim, a habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001). General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, do not establish fair presentation of a federal constitutional claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial"). Similarly, a mere reference to the "Constitution of the United States" does not preserve a claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." *Lyons*, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition or brief filed in that court to discover the federal claim. *Baldwin*, 541 U.S. at 27. In summary, a "petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum; (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

Where a prisoner fails to "fairly present" a claim to the State courts in a procedurally appropriate manner, state court remedies may, nonetheless, be "exhausted." This type of exhaustion is often referred to as "procedural default" or "procedural bar." *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Coleman*, 501 U.S. at 731-32. There are two categories of procedural default. First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court. *Nunnemaker*, 501 U.S. at 802-05. Second, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." *Teague v. Lane*, 489 U.S. 288, 297-99 (1989). Generally, any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *State v. Mata*, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time-barred. *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Id.* The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.* To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation

"worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.

To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

**A. Application of Law to Petitioner's Claims**

**1. Ground One**

In Ground One, Petitioner contends that trial counsel was ineffective for failing to develop a record concerning Petitioner's mental health issues as related to Rule 11 hearing, and for failing to develop a record concerning Petitioner's *Apprendi/Blakely/Cunningham* by failing to object to Petitioner's sentence on *Blakely/Apprendi* grounds. (docket # 1 at 6, docket # 8 at 16-21)

Respondents assert that Petitioner's claims asserted in Ground One are procedurally defaulted because he failed to raise these claims to the State courts. (docket # 15) The record reflects that Petitioner never presented to the state courts his claim that trial counsel was ineffective for failing to develop a record concerning Petitioner's mental health. Accordingly, Petitioner's claim that trial counsel was ineffective on that basis is unexhausted and procedurally defaulted. However, on post-conviction review, Petitioner did challenge trial counsel's failure to object to his sentence on *Apprendi/Blakely* grounds. Accordingly, the court will consider the merits of that claim in Section III below.

**2. Ground Two**

Ground Two contains several claims. Petitioner first alleges that the trial court violated Petitioner's Sixth Amendment rights by imposing an aggravated sentence based on facts that were not found beyond a reasonable doubt by a jury. (docket # 1 at 7) As

Respondents concede, Petitioner exhausted this claim on post-conviction review, and it is properly before this Court on habeas corpus view. The Court will consider the merits of Petitioner's challenge to his sentence in Section III, *infra*.

In Ground Two, Petitioner further claims the State and trial counsel breached the plea agreement by "tricking" him into entering the plea "on false pretenses." (docket # 1 at 7, docket # 8 at 23-29) In support of this assertion, Petitioner contends that: (1) the State used Petitioner's prior conviction, dangerous offense, and elements of a dismissed case against him at sentencing in violation of the plea agreement; (2) neither defense counsel nor the trial court adequately developed the mitigating factors related to Petitioner's mental health; (3) the court failed to hold a competency hearing to address Petitioner's mental health; and (4) trial counsel failed to arrange a psychiatric evaluation or to utilize available psychiatric information to urge the court to hold a competency hearing. (docket # 8 at 25-27)

Respondents assert that the foregoing claims are procedurally barred because Petitioner did not raise those allegations to the State courts. (docket # 15) The Court agrees. The record reflects that Petitioner did not raise those foregoing claims to the state courts and that they are procedurally defaulted as discussed in Section II, B, *infra*.

### 3. Ground Three

In Ground Three, Petitioner argues that counsel for his Rule 32 of-right proceeding, who Petitioner refers to as appellate counsel, was ineffective for failing to challenge his aggravated sentence on Sixth Amendment grounds. (docket # 1 at 8) As Respondents concede, this claim is properly before this Court on habeas corpus review. (docket # 15; docket # 8-2 at 54)

### B. Procedural Bar

As set forth above, Petitioner did not exhaust the following claims: (1) trial counsel was ineffective for failing to develop a record concerning Petitioner's mental health issues as related to Rule 11 hearing; (2) the State and trial counsel breached the plea agreement by

"tricking" him into entering the plea "on false pretenses"; (3) the State used Petitioner's prior conviction, dangerous offense, and elements of a dismissed case against him at sentencing in violation of the plea agreement; (4) neither defense counsel nor the trial court adequately developed the mitigating factors related to Petitioner's mental health; (5) the court failed to hold a competency hearing to address Petitioner's mental health; and (6) trial counsel failed to arrange a psychiatric evaluation or to utilize available psychiatric information to urge the court to hold a competency hearing.

Because Petitioner failed to present the foregoing claims to the state courts, those claims are technically exhausted and procedurally defaulted because he cannot now return to state court to present those claims. The "deadlines" for seeking post-conviction review in the state court have "long passed." *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989) (affirming the district court's dismissal of a habeas corpus petition because petition lacked a "currently available state remedy at the time of the federal petition."); Ariz.R.Crim.P. 32.4 (providing that a notice of post-conviction relief "must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later."). Additionally, Petitioner is precluded from raising those claims in a second or successive Rule 32 petition because he could have raised them in his previous Rule 32 petition. Ariz.R.Crim.P. 32.2(a)(3) (establishing that a defendant "shall be precluded from relief under this rule based on any ground" that has been waived "in any previous collateral proceeding.").

Because Petitioner's claims that: trial counsel was ineffective for failing to develop a record concerning Petitioner's mental health issues as related to Rule 11 hearing; the State and trial counsel breached the plea agreement by "tricking" into entering the plea "on false pretenses; the State used Petitioner's prior conviction, dangerous offense, and elements of a dismissed case against him at sentencing in violation of the plea agreement; neither defense counsel nor the trial court adequately developed the mitigating factors related to Petitioner's mental health; the court failed to hold a competency hearing to address Petitioner's mental

health; and trial counsel failed to arrange a psychiatric evaluation or to utilize available psychiatric information to urge the court to hold a competency hearing, are procedurally defaulted, federal review is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *House v. Bell*, 547 U.S. 518, 535-36 (2006); *Bradshaw v. Richey*, 546 U.S. 74 (2005); *Moorman v. Schriro*, 426 F.3d 1044, 1058 (9th Cir. 2005) (stating that "[a] prisoner who fails to comply with state procedures cannot receive federal habeas corpus review of a defaulted claim unless the petitioner can demonstrate either cause for the default and resulting prejudice, or that failure to review the claims would result in a fundamental miscarriage of justice."). To establish cause, a petitioner must show that some objective external factor impeded his efforts to comply with the state's procedural rules. *Id.* The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004). To establish prejudice, a petitioner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Petitioner has not established cause for his procedural default. (see dockets # 1, 8,16) Petitioner's status as an inmate and lack of legal knowledge do not constitute cause for his failure to present his second ground for relief to the Arizona courts. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding that an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (finding that petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause.).

Likewise, Petitioner has not satisfied the "fundamental miscarriage of justice" standard because he has not shown that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B); *Calderon v. Thompson*, 523 U.S. 538, 559

(1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence. . . . Given the rarity of [reliable] evidence [of actual innocence], in virtually every case, the allegation of actual innocence has been summarily rejected.") (internal quotation marks and citations omitted); *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (reaffirming that the "fundamental miscarriage of justice" standard is a "narrow exception" that only applies where "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense.") (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Because Petitioner's claims discussed above are procedurally defaulted and he fails to establish a basis to excuse his default, federal habeas corpus review of those claims is barred. *Dretke v. Haley*, 541 U.S. at 393-94.

## III. Analysis

### A. Standard of Review

This Court's analysis of the merits of Petitioner's claims is constrained by the applicable standard of review. A state prisoner "whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 638 (2003). Specifically, the AEDPA's "high burden" requires a federal habeas petitioner to prove that the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Uttecht v. Brown*, 551 U.S. 1 (2007); *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (stating that "federal habeas relief may be granted" only if the state court's decision "was contrary to or involved an unreasonable application of this Court's applicable holdings.").

Under the "contrary to" clause of § 2254(d), a federal habeas court may not issue a writ, unless the state court: (1) applied a rule of law "that contradicts the governing law set forth in [Supreme Court] cases," or (2) "confronts a set of facts that are materially

indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). In other words, a petitioner may be entitled to habeas corpus relief if he establishes that Supreme Court precedent requires a contrary outcome because the state court applied the wrong legal rules. *Williams*, 529 U.S. at 405; *Benn v. Lambert*, 283 F.3d 1040, 1052 n. 6 (9th Cir. 2002).

A state court decision is reviewed under the "unreasonable application of" standard where the state court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Williams*, 529 U.S. at 405; *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Under this standard, "[i]t is not enough that a federal habeas court, in its independent review of the legal question," is left with the "firm conviction" that the state court ruling was "erroneous." *Id.*; *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Rather, the state court decision "must be objectively unreasonable." *Middleton v. McNeil*, 541U.S. 433 (2004); *Andrade*, 538 U.S. at 76; *Rompilla*, 545 U.S. at 380. An *unreasonable* application is different from an incorrect application of law. *Bell v. Cone*, 535 U.S. 685, 694 (2002). The Court will consider Petitioner's claims in view of this standard.

## B. Merit of Petitioner's Claims

In his claims that are properly before the Court, Petitioner argues that the trial court abused its discretion in imposing a super-aggravated sentence, and that trial counsel and post-conviction counsel were ineffective for failing to challenge his sentence on *Apprendi/Blakely* grounds. (docket # 1 at 6-8; docket # 8 at 20, 23-29, 37-44) Because the relevant facts and procedural history of these claims are intertwined, the Court will address them together.

Petitioner raised these same claims on post-conviction review, arguing that:

In this case, Mr.Randall J.Craig, trial counsel, change of plea counsel, and sentencing counsel[;] Mr. Thomas J. Dennis, post-conviction [relief] counsel; and Mr. Michael J. Dew, post-conviction [relief] counsel, [a]ll were ineffective for failure to raise the *Apprendi* and *Blakely*, *supra*, issues.

Under the plea agreement the defendant can only be sentence[d] to the term for the offense under a class 3 felony, which is 3.5 years. *See* A.R.S. § 13-701(C)(2) (2007).

The aggravating factor must be dismiss[ed] with prejudice because no jury determination was made beyond a reasonable doubt. *See Apprendi*, and *Blakely*, *supra*; *see also State v. Johnson*, 183 Ariz. 358 (Ariz. App. Div. 1 1995).

Under the plea agreement the defendant was also eligible for probation. Thus, the defendant could only be sentence[d] to 3.5 years or probation.

All of the defendant's counsel[] were ineffective for failure to raise *Apprendi*, *Blakley*, and *Johnson*, *supra*, issues . . . and the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668. (1984).

(docket # 8-2 at 16-17) Petitioner clarified that he was "not rejecting the plea agreement," but that error occurred when the trial court found aggravating factors that enhanced Petitioner's sentence. The post-conviction court rejected Petitioner's claims, finding that Petitioner had not raised a colorable claim for relief. (docket # 8-2 at 31, 52) The Arizona Court of Appeals summarily affirmed. (docket # 8-2 at 89) Petitioner has not shown that the state court's decision was contrary to, or involved an unreasonable application of, federal law, or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The thrust of Petitioner's claims is that his aggravated sentence violates his Sixth Amendment rights articulated in *Apprendi/Blakely* because the trial court, rather than a jury, found the aggravating factors by a preponderance of the evidence. As an initial matter, the Court will consider the effect of Petitioner's plea agreement on this issue.

The terms of the plea agreement are controlled by the principles of contract law. *See, e.g.*, *United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir.1997) ("Plea bargains are contractual in nature and subject to contract-law standards."); *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir. 1990). Thus, courts apply contract principles to examine and enforce the plain language of the contract, or plea agreement, and do not consider extrinsic evidence to

interpret the terms plea agreement if it is clear and unambiguous on its face. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (*citing Wilson Arlington Co. v. Prudential Ins. Co. of America*, 912 F.2d 366, 370 (9th Cir. 1990)); *United States v. Trapp*, 257 F.3d 1053, 1056 (9th Cir. 2001). The Ninth Circuit regularly enforces "knowing and voluntary" waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, *see United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994), and do not violate public policy, *see United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996) (cataloguing public policy exceptions). Likewise, the Supreme Court has held that a defendant's right to a jury trial on aggravating factors may be waived. *Blakely v. Washington*, 542 U.S. 296, 310 (2004).

In this case, before entering a plea agreement, Petitioner participated in a settlement conference, during which he was advised of the consequences of going to trial and being convicted, the range of sentence if he pled guilty, and the range of the sentence if convicted of the charges with, or without, a prior felony conviction. (docket # 8-1 at 13-18) During the conference, Petitioner inquired about he charges and proceedings, and the court answered those questions. (*Id*. at 16-17) Following further plea negotiations, Petitioner entered into a plea agreement pursuant to which he plead guilty to aggravated assault as a class 3 felony, non-dangerous, non-repetitive offense. (Respondents' Exh. G) During the change of plea hearing, Petitioner was specifically advised that, under his plea, he could be sentenced to prison, and "the range would be anywhere from 2 to 8.75 years." (docket # 8-1 at 21) The plea agreement specifically provided that Petitioner waived his right to jury determination of aggravating factors and consented to judicial fact-finding by a preponderance of the evidence as to any aspect or enhancement of his sentence. (Respondents' Exh. G) Paragraph one of the plea agreement stated that the crime of aggravated assault, a class 3 felony, "carries a presumptive sentence of 3.5 years; a minimum sentence of 2.5 years (2.0 years if the trial court makes exceptional circumstances finding); and a maximum sentence of 7 years (8.75 years if the trial court makes exceptional circumstances finding)." (Respondents' Exh. G) Paragraph 2 of the plea agreement further provided that, there were "no agreements as to sentencing." *Id.*

Pursuant to the plea agreement, Petitioner specifically waived his right to "a trial by jury to determine guilt and to determine any facts used to impose sentence with the range stated above in paragraph one." (Respondents' Exh. G at 2-3)  Petitioner also waived "any and all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter, to the court's entry of judgment against him *and imposition of a sentence* upon him consistent with this agreement." (Respondents' Exh. G at 2) (emphasis added)

The Court sentenced Petitioner to 8.75 years' imprisonment which comported with the terms of the plea agreement.  Because Petitioner was sentenced in accordance with the plea agreement, his guilty plea effectively waived his right challenge to his sentence.  *See United States v. Shedrick,* 493 F.3d 292, 303 (3rd Cir. 2007) (concluding that defendant's "*Blakely*-based contention," was argument that defendant "waived as part of [his] plea agreement."); *United States v. Cortez-Arias*, 403 F.3d 1111 (9th Cir. 2005), *amended by* 425 F.3d 547, 548 n. 8 (2005) (joining other circuits in concluding that a claim under *[United States v.] Booker*, 543 U.S. 220 (2005) was waived when defendant waived the right to appeal his sentence, noting that in exchange for his guilty plea and waiver, the defendant received a benefit).

Moreover, even if Petitioner had not waived his right to challenge his sentence, his challenge to his aggravated sentence lacks merit.  Petitioner argues that his aggravated sentence violates the Sixth Amendment because factors used to impose an aggravated sentence were not found by a jury beyond a reasonable doubt.  Supreme Court case law instructs that the Sixth Amendment's jury-trial guarantee proscribes the imposition of a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant. *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); *United States v. Booker*, 543 U.S. 220 (2005).  Since it first articulated this rule, the Supreme Court has retained an exception for prior convictions.  *Id.*; *United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004); *United States v. Maria-Gonzalez*, 268 F.3d 664, 670 (9th Cir. 2001) (holding that prior aggravated felony conviction did not constitute an

element of the offense where base sentence for illegally reentering the United States following deportation is enhanced if deportation was subsequent to conviction for aggravated felony).

In *Blakely*, the Court applied the rule announced in *Apprendi* and clarified that the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. . . .In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 542 U.S. at 303-04 (emphasis in original). The Court concluded that before a trial court can impose a sentence above the statutory maximum, a jury must find beyond a reasonable doubt, or defendant must admit, all facts "*legally essential* to the punishment." *Blakely*, 542 U.S. at 313 (emphasis added).

In *State v. Martinez II*, 210 Ariz. 578, 583, 115 P.3d 618, 623 (Ariz. 2005), the Arizona Supreme Court considered the impact of *Blakely* on Arizona's sentencing scheme. In Arizona, the statutory maximum sentence in a case where no *Blakely*-compliant or *Blakely*-exempt aggravating factors are present is the presumptive term. *Martinez*, 210 Ariz. at 583, 115 P.3d at 623; *State v. Price*, 217 Ariz. 182, 184-85, 171 P.3d 1223, 1225-26 (2007). However, because an Arizona defendant may receive an aggravated sentence based on one aggravating factor, A.R.S. § 13-702(B), a single *Blakely*-compliant or *Blakely*-exempt aggravating factor establishes the facts "legally essential" to punishment. Once such a factor is established, the trial court is free to consider additional facts to determine where to sentence a defendant within the aggravated range. *Martinez* , 210 Ariz. at 584-585, 115 P.3d at 625; *Price*, 217 Ariz. 182, 185, 171 P.3d at 1226 (stating that "[i]f there is one *Apprendi*-compliant aggravating factor, 'a defendant is exposed to a sentencing range that extends to the maximum punishment available under section 13-702.'") (citation omitted).

In *Stokes v. Schriro*, 465 F.3d 397, 402-03 (9th Cir. 2006), the Ninth Circuit held that "the Arizona state courts' interpretation of these [sentencing] provisions does not contradict clearly established federal law [*Apprendi/Blakely*]. A statutory maximum need not be defined

by every one of the facts found at trial, so long as the defendant is not exposed to a greater punishment than that authorized solely by those facts (or the fact of a prior conviction). . . ." *Id.* at 402-03 (internal quotations and citations omitted).

Consistent with *Stokes*, several district courts within the Ninth Circuit have concluded that "once a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute." *Jones v. Schriro*, No. CV-05-3720-PHX-JAT (DKD), 2006 WL 1794765, * 2-3 (D.Ariz., June 27, 2006) (quoting *State v. Martinez*, 210 Ariz. 578, 585, 115 P.2d 618 (2005)). In *Jones*, the court found that the rule of *Blakely* was satisfied once petitioner admitted a single aggravating factor. *Id.* at * 3. Specifically, petitioner in *Jones* admitted - in the written plea agreement, at the change of plea hearing, or at sentencing - to three different aggravating factors. *Id.* The *Jones* court found that petitioner's admission of any one of those aggravating factors authorized the trial court to impose a sentence anywhere within the statutory range. *Id.*

In *Garcia v. Schriro*, No. 06-855-PHX-DGC (DKD), 2006 WL 3292473 (D.Ariz., Nov. 9, 2006), the district court held that petitioner's aggravated sentence did not violate *Blakely*. The court found that the "trial court properly considered petitioner's prior convictions as an aggravating circumstance that increased the maximum allowable sentence under *Blakely*. Once the new maximum was established, the court was free to consider the other aggravating circumstances of parole violation and pecuniary gain in deciding where to sentence petitioner within the new maximum range." *Id.* at * 2. In so finding, the court explained that Petitioner's admission of pecuniary gain in the plea agreement was sufficient to establish an aggravating factor in accordance with *Blakely*. *Id.* at * 3. *See also Nino v. Flannigan*, No. 2:04cv2298-JWS (CRP), 2007 WL 1412493, * 4 (D.Ariz., May 14, 2007) (finding that because "one *Blakely* exempt factor supports the aggravated sentence, consideration of other factors when imposing a sentence does not violate Petitioner's Fifth and Sixth Amendment rights established in *Blakely*.").

Similarly, in this case, Petitioner pled guilty to aggravated assault, a class 3 felony. (Respondents' Exh. G)   Petitioner admitted one prior felony conviction.  (Respondents' Exh. G)   As part of the factual basis of the plea, Petitioner also admitted that: he "caused serious physical injury to the victim;" that he knocked the victim unconscious during a fight; and while the victim was unconscious, Petitioner "struck him repeatedly in the face causing some facial fractures."  (docket # 8-2 at 25-25, Tr. 11/20/06 at 16-17)  Under the applicable Arizona law, at the time of Petitioner's sentencing a conviction for aggravated assault, a class 3 felony, yielded a presumptive term of 3.5 years' imprisonment.  (Respondents' Exh. G; docket # 8-1 at 14)  The court could impose a term as low as 2 years, or an aggravated term as high as 8.75 years.  (Respondents' Exh G; docket # 8-2 at 14)  The court sentenced Petitioner to an aggravated term of 8.75 years' imprisonment.  The court found the following aggravating factors: (1) the victim's inability to defend himself due to prior physical impairment; (2) Petitioner's prior conviction for a dangerous offense, homicide; (3) series physical injuries suffered by the victim; and (4) emotional harm suffered by the victim.  (docket # 8-1 at 50-51; Tr. 1/9/2007 at 19-20)  The court's consideration of these factors in sentencing Petitioner did not violate his Sixth Amendment rights.

Petitioner's prior conviction is exempt from *Blakely's* jury trial requirement and allowed the trial court to impose an aggravated sentence.  *Blakely*, 542 U.S. at 301-02.  Although the trial court also found several other aggravating factors, Petitioner's prior felony conviction, and/or the aggravating factors which he admitted - causing serious physical injury, and repeatedly striking the victim after he was unconscious- were sufficient to expose him to the aggravated term of imprisonment.  *Blakely*, 542 U.S. at 303-04.

Based on the foregoing, the state court's finding that Petitioner's aggravated sentence did not violate the Sixth Amendment is neither contrary to, nor an unreasonable application of, the Supreme Court's *Apprendi*/*Blakely* jurisprudence.  28 U.S.C. §2254(d). Accordingly, Petitioner's claim that the trial court violated the Sixth Amendment by imposing an aggravated sentence fails.

## C. Ineffective Assistance of Counsel

Petitioner further argues that trial and post-conviction counsel were ineffective for failing to challenge his aggravated sentenced on *Apprendi/Blakely* grounds.[5] (docket # 1 at 6, 8) The controlling Supreme Court precedent on claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must show that counsel's performance was objectively deficient and that counsel's deficient performance prejudiced the petitioner. *Strickland*, 466 U.S. at 687; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999). To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689.

To establish a Sixth Amendment violation, petitioner must also establish that he suffered prejudice as a result of counsel's deficient performance. *Strickland*, 466 U.S. at 691-

---

[5] In his supporting brief, Petitioner also asserts that his Rule 32 of-right counsel was ineffective for failing to raise Rule 11 concerns. (docket # 8 at 39, 40) Petitioner, however, provides no support for his argument. Rather, his claim consists of a single sentence, which he repeats several times: "Petitioner submits he was prejudiced by appellate counsel's failure to brief these claims, as of right (with Rule 11 concerns) in his Rule 32 petition." (docket # 8 at 40) Petitioner's unsupported, conclusory allegations are not sufficient to support a claim for federal habeas relief. *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief.).

92; *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147 (2006) (stating that "a violation of the Sixth Amendment right to effective representation is not 'complete' until the defendant is prejudiced.")  To show prejudice, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Hart*, 174 F.3d at 1069; *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998).  The court may proceed directly to the prejudice prong.  *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000) (citing *Strickland*, 466 U.S. at 697).  The court, however, may not assume prejudice solely from counsel's allegedly deficient performance.  *Jackson*, 211 F.3d at 1155.

As previously discussed, pursuant to his plea agreement, Petitioner consented to judicial fact finding by a preponderance of the evidence at sentencing.  (Respondents' Exh. G at 1, 2)  Additionally, Petitioner admitted his prior felony conviction, a *Blakely*-exempt aggravating factor - which exposed Petitioner to the fully aggravated sentencing range and permitted the court to consider other factors in imposing Petitioner's sentence.   During the change-of-plea hearing, Petitioner also admitted to several other aggravating factors - causing the victim serious physical harm, and continuing to strike the victim after he was unconscious resulting in facial fractures - which exposed Petitioner to the fully aggravated sentencing range.  As set forth above, Petitioner's aggravated sentence did not run afoul of Petitioner's Sixth Amendment rights articulated in *Apprendi/Blakely*.   Because no *Apprendi/Blakely* error occurred, neither trial counsel nor post-conviction counsel was ineffective for failing to challenge Petitioner's sentence on those grounds.  *See James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) (finding that "[c]ounsel's failure to make a futile motion does not constitute ineffective assistance of counsel."); *United States v. Quintero-Barraza*, 78 F.3d 1344, 1349 (9th Cir. 1995) (finding that "[c]ounsel was under no obligation to bring a plainly unavailing motion before the district court.").  Accordingly, Petitioner cannot establish that the state court's rejection of this

claim was contrary to, or rested on an unreasonable application of, *Strickland*, or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

## IV.  Conclusion

Based on the foregoing, the Petition for Writ of Habeas Corpus should be denied. Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 5th day of October, 2009.

_____
Lawrence O. Anderson
United States Magistrate Judge