1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Ladell Dawson, | No. CV-09-0468-PHX-DGC (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et. al., | |
| Respondents. | |

Charles Ladell Dawson filed a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254 requesting that his case be remanded for resentencing, and claiming the following constitutional violations: (1) ineffective assistance of trial counsel, (2) breach of plea agreement and abuse of trial judge discretion in violation of petitioner's *Aprendi* and Sixth Amendment rights, and (3) ineffective assistance of appellate counsel. Dkt. #1 at 6-8. Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R&R"), recommending that the petition be denied. Dkt. #17. Petitioner has filed an objection to the R&R. Dkt. #18. For the reasons that follow, the Court will accept Judge Anderson's recommendation and deny the petition.

**I.    Background.**

On April 28, 2006, Dawson was indicted for aggravated assault, a class 3 felony. Dkt. #15, Ex. A. On November 20, 2006, pursuant to a plea agreement, Dawson pled guilty to aggravated assault, which carries "a presumptive sentence of 3.5 years; a minimum

1 sentence of 2.5 years (2.0 years if trial court makes exceptional circumstances finding); and a maximum sentence of 7.0 years (8.75 if trial court makes an exceptional circumstance finding)." *Id.*, Ex. F at 57. In January of 2009, Judge James H. Keppel sentenced Dawson to an exceptionally aggravated term of 8.75 years. *Id.*, Ex. H at 2.

One month after sentencing, Dawson filed a notice of post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. Dkt. #8-2 at 2-4. On June 5, 2007, Dawson's court-appointed counsel filed a notice of completion of post conviction review stating that he was "unable to discern any colorable claim upon which to base a petition for post-conviction relief." Dkt. #15, Ex. J. Thereafter, on July 13, 2007, Dawson filed a *pro per* petition for post-conviction relief alleging that the rules of *Apprendi* and *Blakely* apply to his case, that the trial court violated his Fifth and Sixth Amendment rights by not having a jury decide aggravating factors, that his claims fall within Rule 32 as constitutional errors affecting his conviction or sentence, and that assistance of trial counsel, change of plea counsel, and post-conviction relief counsel was ineffective for failure to raise *Apprendi* and *Blakely* issues. Dkt. #8-2 at 6-23. On November 28, 2007, the trial court summarily dismissed Dawson's petition for failure to show a colorable claim. *Id.* at 66.

On February 14, 2009, Dawson filed a petition for review in the Arizona court of appeals and the court of appeals summarily denied review. *Id.* at 54-65. Dawson then filed the instant petition for writ of habeas corpus. Dkt. ##1, 8.

In his R&R, Judge Anderson found that Dawson's petition should be denied on the following grounds: (1) several of Dawson's claims are barred from federal review because Dawson failed to raise them in state court or to show cause for procedural default (Dkt. #17 at 10-11); and (2) Dawson's remaining claims – that the trial court abused its discretion by imposing a super-aggravated sentence, and that both trial counsel and post-conviction counsel were ineffective for failing to raise *Aprendi*/*Blakely* objections – fail as a matter of law (*Id.* at 13). Specifically, Judge Anderson found that *Aprendi* and *Blakely* do not apply in this case because Dawson expressly consented to judicial determination in his plea agreement. *Id.* at 15. Judge Anderson also found that the trial court did not violate *Blakely*

1 or the Sixth Amendment when imposing an aggravated sentence because Dawson's prior
2 conviction and the other aggravating factors to which he admitted are exempt from jury trial
3 requirements. *Id.* at 18-19.

## II. Legal standard.

A party may file specific, written objections to an R&R within ten days after being served with a copy the R&R. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1).

## III. Analysis.

Dawson appears to make two objections to the R&R which the Court will review de novo: (1) contrary to Judge Anderson's findings, he did properly exhaust his mental competency-related claims in state court, and (2) the record reflects no proper waiver of his right to a jury trial.[1]

Dawson asserts that he did properly exhaust his mental competency-related claims in state court. Dkt. #18 at 2, 4. In making his argument, he refers to pages 10 and 11 of his current petition as presenting clear issues regarding the state court's alleged failure to

---

[1] Dawson makes two other arguments, but they are not clear or specific enough to constitute an objection the Court can review. First, he restates his claim that the trial court abused its discretion in issuing an aggravated sentence, and he quotes extensively from *Butler v. Curry,* 528 F.3d 624 (9th Cir. 2008). Dkt. #18 at 4-6. He fails, however, to compare *Butler* to his sentencing or explain how it provides grounds for an objection to the R&R. Second, he reiterates his claims of ineffective assistance of trial and appellate counsel, but he provides no grounds to dispute Judge Anderson's findings. Dkt. #18 at 3; 6-7. Courts are not obligated to review generalized objections to an R&R. Dawson must provide specific objections in order to invoke district court review. *Sullivan v. Schriro*, No. CV-04-1517, 2006 WL 1516005 (D. Ariz. May 30, 2006). Because these two objections do not specify why Dawson believes the R&R is incorrect, they constitute only generalized objections and will not be reviewed de novo by the Court.

conduct a Rule 11 competency hearing. These pages, however, do not indicate when he raised these claims in state court or how he actually exhausted his state court remedies. *Id.* at 2-3. Dawson also points to his current petition, where he cites the legal standard for establishing proper cause for a procedural default, but he fails to explain how he meets these standards. *Id.* at 3. He provides no evidence to dispute Judge Anderson's findings that he neither exhausted these claims nor had good cause for default, nor does he argue that Judge Anderson applied the wrong legal analysis in making his determination. The Court finds his objection unpersuasive.

Dawson's other objection is that, contrary to Judge Anderson's findings, "the record reflects no proper waiver" of his right to a jury trial. Dkt. #8-2 at 20-21. Judge Anderson, however, points to the specific waiver in the plea agreement which Dawson signed. *Id.* In his objection, Dawson provides no evidence that he did not waive his right to a jury trial. As a result, the Court finds his objection unpersuasive and unsupported.

The Court will accept the findings of the magistrate judge and will deny Dawson's petition for writ of habeas corpus.

**IT IS ORDERED:**

1. Magistrate Judge Anderson's R&R (Dkt. #17) is **accepted**.
2. Dawson's petition for writ of habeas corpus (Dkt. #1) is **denied**.
3. The Clerk of Court shall **terminate** this action.

DATED this 7th day of December, 2009.

_____
David G. Campbell
United States District Judge